IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GWEN WEIDELL** | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **JURY DEMAND** |
| **REHABILITATION INSTITUTE OF** | ) | |
| **CHICAGO, INC. D/B/A SHIRLEY** | ) | |
| **RYAN ABILITY LAB** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Gwen Weidell, by and through her attorneys, KULWIN, MASCIOPINTO & KULWIN, L.L.P., complains of defendant, Rehabilitation Institute of Chicago, Inc. d/b/a Shirley Ryan AbilityLab, as follows:

1. This action is brought against defendant Rehabilitation Institute of Chicago, Inc. d/b/a Shirley Ryan AbilityLab ("RIC") pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*, ("ADEA") for taking adverse employment actions against Plaintiff for unlawful reasons, including termination.

2. RIC provided false and pretextual reasons for the employment actions taken against Plaintiff. Defendant treated less qualified employees outside of the protected classes materially better than Plaintiff.

3. Plaintiff seeks actual, compensatory, and statutory and punitive damages arising out of and related to Defendant's unlawful employment conduct, including an award of reasonable attorneys' fees, costs and expenses.

1

## THE PARTIES

4. Plaintiff Gwen Weidell ("Plaintiff") resides in the State of Illinois.

5. Defendant Rehabilitation Institute of Chicago, Inc. d/b/a Shirley Ryan AbilityLab, ("RIC") is a corporation operating in Chicago Illinois within this judicial district.

## JURISDICTION AND VENUE

6. Jurisdiction is proper the United States District Court for the Northern District of Illinois on Plaintiff's claims alleged under the ADA and ADEA based upon 28 U.S.C. §§ 1331, 1343, and 1367, among other statutes.

7. Venue is proper in pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claim arises out of incidents which occurred within this judicial district.

## FACTS COMMON TO ALL CLAIMS

8. Plaintiff is over 40 years of age.

9. Plaintiff worked as a clinical coordinator and a therapist for RIC.

10. Plaintiff is a qualified individual with a disability and/or history of having a disability.

11. RIC perceived that Plaintiff had a disability.

12. RIC is aware of Plaintiff's disability and/or her history of having a disability.

13. During her employment, Plaintiff made numerous requests for reasonable accommodations that would not cause RIC undue hardship.

14. Since making requests for reasonable accommodations, RIC engaged in retaliatory conduct including, but not limited to, treating Plaintiff less favorably than individuals without a disability and/or individuals who RIC did not perceive as having a disability.

15. At all times, Plaintiff was meeting or exceeding RIC's legitimate employment expectations.

16. Plaintiff was terminated on November 30, 2015.

17. RIC did not have legitimate reasons for taking adverse employment actions against Plaintiff, including no legitimate reason for terminating her.

18. RIC has made false statements about material facts relating to Plaintiff's employment and the reasons for Plaintiff's termination.

19. RIC did not honestly believe the reasons given for terminating Plaintiff.

20. RIC's stated reasons for terminating Plaintiff were pretexts for unlawful discrimination and retaliation.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**(Perceived Disability)**

21. Plaintiff restates and incorporates by reference paragraphs 1-20 of this Complaint as paragraphs 1-20 of Count I as if fully alleged herein.

22. Plaintiff brings this discrimination claim pursuant to the ADA and subsequent to the timely filing of a Charge of Discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a copy of which is attached as Exhibit 1 and incorporated herein by reference.

23. Plaintiff brings this claim subsequent to the receipt of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirement, a copy of which is also attached as Exhibit 1 and incorporated herein by reference.

24. Plaintiff was a person protected by the provisions of the ADA when she was employed by RIC.

25. RIC is an "employer" as defined by the ADA.

26. In violation of the ADA, RIC engaged in the discriminatory acts alleged herein and described in the Charge of Discrimination attached as Exhibit 1.

27. At all times during her employment with RIC, Plaintiff was qualified to perform the essential functions of her job.

28. However, RIC perceived and regarded Plaintiff as having a disability.

29. For these and other reasons, RIC discriminated against Plaintiff in violation of the ADA by terminating her because RIC regarded Plaintiff as having a disability.

30. Plaintiff has been the victim of unlawful discrimination and suffered material adverse employment actions in violation of the ADA.

31. As a result of RIC's conduct, Plaintiff has suffered injury to her career as well as other injuries for which she is entitled to damages and equitable relief under the ADA.

32. RIC's discriminatory conduct was done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, plaintiff Gwen Weidell respectfully requests that the Court enter judgment in her favor and against RIC in an amount to be determined at trial including an order:

A. Finding that RIC intentionally and willfully discriminated against Plaintiff, in violation of the ADA;

B. Reinstating Plaintiff to her former position, or a comparable position, with respect to pay and responsibilities or, if RIC cannot reinstate the Plaintiff, to award Plaintiff front pay, lost employee benefits and retirement benefits until she attains the age of 75;

C. Making the Plaintiff whole by awarding back pay and benefits;

D. Awarding all available legal relief including compensatory and punitive damages;

E.	Awarding reasonable attorney's fees and costs of this suit, including expert witness fees;

F.	Awarding pre-judgment interest in an amount to be determined at the time of trial; and

G.	Awarding any such other relief as is just and equitable.

### COUNT II - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### (Reasonable Accommodations)

33.	Plaintiff restates and incorporates by reference paragraphs 1-33 of this Complaint as paragraph 33 of Count II as if fully alleged herein.

34.	Plaintiff brings this discrimination claim pursuant to the ADA and subsequent to the timely filing of a Charge of Discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, attached as Exhibit 1 and incorporated herein by reference.

35.	Plaintiff brings this claim subsequent to the receipt of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirement, a copy of which is also attached as Exhibit 1 and incorporated herein by reference.

36.	Plaintiff was a person protected by the provisions of the ADA when she was employed by RIC.

37.	RIC is an "employer" as defined by the ADA.

38.	In violation of the ADA, RIC engaged in the discriminatory acts alleged herein and described in the Charge of Discrimination attached as Exhibit 1.

39.	During her employment, Plaintiff made numerous requests for reasonable accommodations that would not cause RIC undue hardship.

40. RIC resented Plaintiff's requests for reasonable accommodations and/or refused to grant Plaintiff's requests for reasonable accommodations.

41. Since making requests for reasonable accommodations, RIC engaged in retaliatory conduct including, but not limited to, treating Plaintiff less favorably than individuals outside of the protected class, including terminating her.

42. At all times during her employment with RIC, Plaintiff was qualified to perform the essential functions of her job.

43. For these and other reasons, RIC discriminated against Plaintiff in violation of the ADA by retaliating and taking adverse employment actions against her for requesting reasonable accommodations that would not cause RIC undue hardship.

44. Plaintiff has been the victim of unlawful discrimination in violation of the ADA.

45. As a result of RIC's conduct, Plaintiff has suffered injury to her career as well as other injuries for which she is entitled to damages and equitable relief under the ADA.

46. RIC's discriminatory conduct was done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, plaintiff Gwen Weidell respectfully requests that the Court enter judgment in her favor and against RIC in an amount to be determined at trial including an order:

A. Finding that RIC intentionally and willfully discriminated against Plaintiff, in violation of the ADA;

B. Reinstating Plaintiff to her former position, or a comparable position, with respect to pay and responsibilities or, if RIC cannot reinstate the Plaintiff, to award Plaintiff front pay, lost employee benefits and retirement benefits until she attains the age of 75;

C. Making the Plaintiff whole by awarding back pay and benefits;

  D.  Awarding all available legal relief including compensatory and punitive damages;

  E.  Awarding reasonable attorney's fees and costs of this suit, including expert witness fees;

  F.  Awarding pre-judgment interest in an amount to be determined at the time of trial; and

  G.  Awarding any such other relief as is just and equitable.

**COUNT III – VIOLATION OF THE AGE DISCRMINATION IN EMPLOYMENT ACT**

  47.  Plaintiff incorporates herein by reference paragraphs 1-46 of this Complaint as paragraph 47 of Count III.

  48.  Plaintiff brings this discrimination claim pursuant to the ADEA.

  49.  Plaintiff has filed this complaint subsequent to the timely filing of a charge of discrimination based on his age with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by reference.

  50.  Plaintiff has filed this cause pursuant to the Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirement, a true and correct copy of which is attached hereto as Exhibit 1.

  51.  Plaintiff at all times pertinent hereto was a person protected by the provisions of the ADEA.

  52.  RIC, at all times relevant hereto, operated and did business within the venue and jurisdiction of this judicial circuit and is an employer as defined by the ADEA.

  53.  In direct violation of the ADEA, RIC engaged in the discriminatory acts alleged herein and described in the Charge of Discrimination attached hereto as Exhibit 1.

54. As a result of Defendant's discriminatory conduct, as aforesaid, Plaintiff has suffered injury to her career as well as other injuries for which she is entitled to compensatory and liquidated damages as well as equitable relief pursuant to the ADEA.

55. RIC's discriminatory conduct, as aforesaid, was done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, plaintiff Gwen Weidell respectfully requests that the Court enter judgment in her favor and against RIC in an amount to be determined at trial including an order:

A. Finding that RIC intentionally and willfully discriminated against Plaintiff, in violation of the ADA;

B. Reinstating Plaintiff to her former position, or a comparable position, with respect to pay and responsibilities or, if RIC cannot reinstate the Plaintiff, to award Plaintiff front pay, lost employee benefits and retirement benefits until she attains the age of 75;

C. Making the Plaintiff whole by awarding back pay and benefits;

D. Awarding all available legal relief including compensatory and punitive damages;

E. Awarding reasonable attorney's fees and costs of this suit, including expert witness fees;

F. Awarding pre-judgment interest in an amount to be determined at the time of trial; and

G. Awarding any such other relief as is just and equitable.

**COUNT IV - RETALIATION**

56. Plaintiff alleges herein by reference the allegations contained in paragraphs 1-55 as paragraph 56 of Count IV.

57. Based upon the foregoing facts, as well as others, Plaintiff was subjected to materially adverse employment actions in retaliation for engaging in protected activity.

58. In direct violation of federal law, RIC retaliated against Plaintiff for engaging in protected activity and exercising her rights under federal law.

59. As a result of RIC's retaliatory conduct, Plaintiff has suffered injury to her career, as well as other injuries for which she is entitled to actual, compensatory and punitive damages, as well as equitable relief, under federal law.

60. RIC's retaliatory conduct, as alleged here, was done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, plaintiff Gwen Weidell respectfully requests that the Court enter judgment in her favor and against RIC in an amount to be determined at trial including an order:

A. Finding that RIC intentionally and willfully retaliated against Plaintiff in violation of federal law;

B. Reinstating Plaintiff to her former position, or a comparable position, with respect to pay and responsibilities or, if RIC cannot reinstate the Plaintiff, to award Plaintiff front pay, lost employee benefits and retirement benefits until she attains the age of 75;

C. Making the Plaintiff whole by awarding back pay and benefits;

D. Awarding all available legal relief including compensatory and punitive damages;

E. Awarding reasonable attorney's fees and costs of this suit, including expert witness fees;

   F.  Awarding pre-judgment interest in an amount to be determined at the time of trial;

and

   G.  Awarding any such other relief as is just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS**

                Respectfully submitted,

                KULWIN, MASCIOPINTO & KULWIN, L.L.P.

                By: /Jeffrey R. Kulwin

Jeffrey R. Kulwin  
KULWIN, MASCIOPINTO & KULWIN, L.L.P.  
161 North Clark Street, Suite 2500  
Chicago, Illinois 60601  
T: 312.641.0300  
F: 312.855.0350  
Atty. No. 43136